UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Kyle Nolan<br>2350 Parliament Square<br>Toledo, Ohio 43617<br><br>**Plaintiff,**<br>v.<br><br>Northstar Location Services, LLC<br>4285 Genesee Street<br>Cheektowaga, New York 14225<br><br>**Defendant.** | CASE NO.: _____<br><br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br><br><br>**A Trial by the Maximum Number of Jurors<br>is hereby Demanded** |

Here comes Plaintiff Kyle Nolan, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Northstar Location Services, LLC (hereinafter "Defendant") as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Kyle Nolan (hereafter "Plaintiff"), is an adult individual whose residence is in Toledo, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

9. Northstar attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Northstar Engages in Harassment and Abusive Tactics

10. Within the last year, Northstar began contacting Plaintiff in an attempt to collect the Debt.

11. On or about September 17, 2021, Plaintiff called Northstar and informed it that she was not able to pay the Debt.

2

12. Northstar stated that it could not speak to Plaintiff any further and provided Plaintiff with an alternate number to contact, 800-273-8255 (the "Number").

13. Plaintiff asked Northstar about the Number. Northstar responded that "they may be able to help you out."

14. Plaintiff asked Northstar about the Number again and received the same response.

15. Plaintiff assumed that the Number lead to a different department at Northstar that may be able to assist her with options to pay the Debt at a reduced amount.

16. Thereafter, Plaintiff called the Number and found out that it was a suicide hotline, which was very upsetting to Plaintiff.

17. Northstar's actions caused Plaintiff a great deal of confusion, frustration and distress.

**C. Plaintiff Suffered Actual Damages**

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

19. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

21. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA")) (O.R.C. § 1345.01, et seq.)

27. Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

28. Plaintiff is a "consumer" as defined by O.R.C. § 1345.01(D).

29. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

30. At all relevant times Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

31. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

32. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

33. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

34. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

35. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

36. Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendant;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

   FDCPA violations in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>April 22, 2022</u>

             Respectfully submitted,

             By: <u>/s/ *Sergei Lemberg*</u>

             Sergei Lemberg, Esq.
             LEMBERG LAW, L.L.C.
             43 Danbury Road, 3rd Floor
             Wilton, CT 06897
             Telephone: (203) 653-2250
             Facsimile:  (203) 653-3424
             Email: slemberg@lemberglaw.com
             Attorneys for Plaintiff:
             Kyle Nolan

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

             <u>/s/ *Sergei Lemberg*</u>
             Sergei Lemberg, Esq.